IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,　　Plaintiff,　　vs.　　SIDNEY BRITT　　Defendant. | 8:19-CR-28　　ORDER |

    This matter is before the Court on the Government's motion for an order confirming that attorney–client privilege has been waived. Filing 154.

    Petitioner, Sidney Britt, filed a motion under 28 U.S.C. § 2255 alleging four theories of ineffective assistance of counsel. Filing 148. In order to fully respond to Petitioner's § 2255 motion, the Government requested an order from this court confirming the waiver of attorney–client privilege. Filing 154 at 2-3. Petitioner filed a motion to supplement his original § 2255 motion. Filing 160. The Government has filed an answer to Petitioner's motion wherein, in addition seeking a dismissal of the motion, it requests additional time to supplement its answer with information provided by prior defense counsel. Filing 162. Thus, this Court must decide if alleging ineffective assistance of counsel waives attorney–client privilege.

    The Eighth Circuit Court of Appeals has held that a defendant waives attorney–client privilege when alleging ineffective-assistance-of-counsel claims. *See United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009); *see also United States v. Perkins*, No. 8:09-CR-26, at Filing 109 (D. Neb. July 15, 2011); *United States v. Hernandez*, 8:16-CR-270, 2018 WL 3148376 (D. Neb. June 27, 2018); *Peeples v. United States*, C19-2038, 2020 WL 3421476 (N.D. Iowa June 22, 2020). In short, a claim of ineffective assistance of counsel waives the attorney–client privilege as to

1

communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived.").

Therefore, prior counsel whose representation is challenged is directed to file with the Court an affidavit that responds to the movant's specific allegations of ineffective assistance of counsel set out in the motion.[1] Such affidavit must contain all the information that counsel reasonably believes is necessary to respond to Petitioner's specific allegations. In addition, counsel is directed to attach to, or include with, his affidavit all the documents that he reasonably believes are necessary to respond to Petitioner's allegations. This court-supervised response to Petitioner's allegations must be filed with the Court on or before September 15, 2020.

IT IS ORDERED:

1. The Government's Motion to Confirm Waiver of Attorney–Client Privilege (Filing 154) is granted;

2. Petitioner has waived the attorney–client privilege with respect to the matters raised in his ineffective-assistance-of-counsel claims in his motion filed under 28 U.S.C. § 2255;

3. The Clerk's office is directed to provide a copy of this order to movant's former counsel, Clarence Mock;

4. Attorney Clarence Mock shall provide an affidavit addressing all pertinent information that he believes is reasonably necessary to respond to Petitioner's ineffective-assistance-of-counsel claims against him, including but not limited to whether the Defendant requested that Mr. Mock file a notice of appeal, on or before September 15, 2020;

5. The Government may file a supplement to its answer on or before October 1, 2020;

6. The Petitioner's Motion to Extend Response Time (Filing 164) is granted. Defendant may file a reply on or before October 15, 2020; and

---

[1] If counsel concludes that he cannot comply with this order without violating an attorney–client privilege or if counsel concludes that he cannot reasonably determine the scope of the waiver of the attorney–client privilege, counsel is directed to file a response in camera with a request for a protective order if necessary, that specifically states the reasons for his conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

7. The Clerk is directed to mail a copy of this order to Defendant at his last known address.

Dated this 1st day of September, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge