IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>SIDNEY BRITT<br>                    Defendant. | **8:19-CR-28**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's Motion Pursuant to 28 U.S.C. § 2255 in which he seeks relief based on alleged ineffective assistance of counsel. Filing 148. Defendant also filed a Motion to Supplement (Filing 160) his original § 2255 Motion and a Motion to Extend Response Time (Filing 171). For the reasons stated below, the Court grants Defendant's Motion to Supplement (Filing 160), denies in part his request for post-conviction relief (Filing 148) but grants an evidentiary hearing only as to his notice-of-appeal claim, and (3) denies his Motion to Extend in part and refers it to the magistrate judge in part (Filing 171).

## I.  BACKGROUND

On June 17, 2019, a grand jury indicted Defendant on charges of (1) Hobbs Act Robbery, (2) Robbery of Personal Property of the United States, (3) Kidnapping of an Officer or Employee of the United States, (4) Using, Carrying, or Possessing a Firearm During and in Relation to a Crime of Violence, and (5) Receiving Stolen Government Money or Property. Filing 76. Defendant knowingly and voluntarily pled guilty to Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and Using, Carrying, or Possessing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A). Filing 99. Related to his plea of guilty, Defendant consented to and signed a Petition to Enter a Plea of Guilty (Filing 101 at 8) and a Plea Agreement (Filing 102 at 8). In return for Defendant's plea of guilty, the United States dismissed the three

1

remaining counts. Filing 138 at 1. On January 15, 2020, the Court sentenced Defendant pursuant to the parties' Rule 11(c)(1)(C) plea agreement to 156 months' incarceration for the robbery and 84 months' incarceration for the related use of a firearm for a total sentence of 240 months. Filing 138 at 2.

On June 29, 2020, Defendant filed the present Motion Pursuant to 28 U.S.C. § 2255 asking the Court to vacate his sentence due to ineffective assistance of counsel. Filing 148. Pursuant to Rule 4(b) of the *Rules Governing Section 2255 Cases for the United States District Courts*, the Court examined Defendant's motion and directed the United States to respond. Filing 150. Shortly thereafter, Defendant filed a Motion to Supplement (Filing 160) containing further argument, and the United States filed a Motion to Confirm Waiver of Attorney-Client Privilege (Filing 154), an Answer (Filing 161), and Response (Filing 162). Defendant then filed a letter seeking additional time to respond. Filing 164. The Court granted the United States' motion seeking confirmation that Defendant had waived attorney-client privilege, directed Defendant's prior counsel to file an affidavit responding to Defendant's allegations, and granted Defendant's request for additional time by allowing Defendant to file a response on or before October 15, 2020. Defendant failed to respond within the time allotted and again filed a Motion to Extend Response Time on October 19, 2020. Filing 171. Thus, currently pending before the Court are Defendant's § 2255 motion, his Motion to Supplement, and his extension motion.

## II.  DISCUSSION

### A.  Standard of Review

28 U.S.C. § 2255(a) provides a mechanism for relief if a prisoner is in custody due to a "sentence . . . imposed in violation of the Constitution or laws of the United States." Upon receipt of a motion requesting such relief, the Court "shall . . . grant a prompt hearing thereon." 18 U.S.C.

§ 2255(b) However, no hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 18 U.S.C. § 2255(b). "A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Dat v. United States*, 920 F.3d 1192, 1194 (8th Cir. 2019) (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)).

## B.  Analysis

Prior to examining the merits of Defendant's motion pursuant to § 2255, the Court addresses his Motion to Supplement (Filing 160). In his request to supplement, Defendant raises additional case law. *See* Filing 160. The Court grants that motion and considers both the original § 2255 motion and the supplement in its analysis below. Defendant also seeks an extension of time to respond. Filing 171. However, three out of Defendant's four contentions are clearly contradicted by the record of this case or lack legal merit. Thus, no extension of time would affect the Court's ruling on these three matters. As to the fourth contention, as discussed below, the Court concludes the law and requisite authority should provide the Defendant an opportunity to respond at an evidentiary hearing. As a result, Defendant's request for extension as it to pertains only to his notice of appeal claim is referred to the magistrate judge who will conduct further proceedings in accordance with this order. Defendant's request is otherwise denied.

Regarding the merits of his claim, Defendant raises allegations of ineffective assistance of counsel. Filing 148; Filing 160. "The Sixth Amendment guarantees the right to effective assistance of counsel during plea negotiations and the entry of a guilty plea." *Walker v. United States*, 810 F.3d 568, 577–78 (8th Cir. 2016). That right extends to all critical stages of a criminal proceeding, including sentencing. *United States v. Thompson*, 713 F.3d 388, 394 (8th Cir. 2013) (citing

*Gardner v. Florida*, 430 U.S. 349, 358, 97 S. Ct. 1197, 1205, 51 L. Ed. 2d 393 (1977)). To be eligible for relief based on ineffective assistance of counsel, a defendant must show "(1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense." *Guzman-Ortiz v. United States*, 849 F.3d 708, 713 (8th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

"Demonstrating deficient performance requires showing 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Id.* (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052). To show prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. 2052.

Defendant alleges his counsel was ineffective because he (1) failed to seek dismissal for lack of subject-matter jurisdiction, (2) failed to object on the basis that Hobbs Act Robbery is not a crime of violence, (3) wrongfully advised him to accept a plea agreement based on "the victim's enhancement," and (4) failed to file a notice of appeal as requested. Filing 148 at 2-4. The Court addresses each allegation in turn.

### 1. Subject-Matter Jurisdiction

Defendant alleges his attorney failed to object or request dismissal on the basis that the Court lacked subject-matter jurisdiction over his Hobbs Act Robbery charge under 18 U.S.C. § 1951. Filing 148 at 2. He argues "the business never closed temporarily" and "interstate commerce

was never violated." Filing 148 at 2. However, nowhere does 18 U.S.C. § 1951 require the closing of a business. Instead, § 1951 requires obstruction, delay, or effect upon commerce. The language of the Indictment and Superseding Indictment mirror the statute. *See* Filing 17; Filing 76. The factual basis of the Plea Agreement notes "[t]hat at the time of the robbery, [the victim] J.L. was engaged in the interstate transportation of United States mail and bank deposits" and Defendant's "taking of remittance bags from J.L. obstructed, delayed, and affected commerce and the movement of articles of commerce." Filing 102 at 3. The Plea Agreement states that Defendant's acts impeded "the United States Post Office's ability to transport and deliver mail and bank deposits." Filing 102 at 3.

The Plea Agreement further notes that Defendant admitted and agreed to those facts. Filing 102 at 2. At his plea hearing and while under oath, Defendant acknowledged the same. *See* Filing 151 at 14 (responding, "Yes, Your Honor" when asked if he agreed that the government would be able to prove beyond a reasonable doubt at trial the facts outlined in the plea agreement). Therefore, "the files and records of th[is] case conclusively show that [Defendant] is entitled to no relief" on this issue, and the Court dismisses Defendant's subject-matter arguments without an evidentiary hearing. 18 U.S.C. § 2255(b).

 2. *Crime of Violence*

Defendant next argues that Hobbs Act Robbery is not a crime of violence, particularly in this instance, because this case only involved intimidation.[1] Filing 148 at 3. Defendant also argues

---

[1] In passing, Defendant also notes that "no gun was ever found." Filing 148 at 3. This is presumably an attempt to invalidate his conviction under 18 U.S.C. § 924(c) for Using, Carrying, or Possessing a Firearm During and in Relation to a Crime of Violence. As already discussed, Defendant knowingly and voluntarily pled guilty and agreed that the United States would be able to prove his possession and use of a handgun while robbing a postal truck and worker. *See* Filing 102 at 2-3 (containing the stipulated factual basis to which Defendant agreed); *see also* Filing 151 at 14 (responding, "Yes, Your Honor" when asked if he agreed that the government would be able to prove beyond a reasonable doubt at trial the facts outlined in the plea agreement). Any argument involving the alleged failure to recover a firearm is unavailing.

that threats to property are not crimes of violence. Filing 160 at 1. Defendant thus reasons that his conviction for Using, Carrying, or Possessing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A) must be vacated for lack of a violent predicate offense. Filing 148 at 3; Filing 160 at 1-2.

18 U.S.C. § 924(c)(1)(A) penalizes "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." A "crime of violence" means a felony offense which either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

"The Hobbs Act defines robbery to include the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury . . . to his person or property." *United States v. Jones*, 919 F.3d 1064, 1072 (8th Cir. 2019) (internal quotation marks omitted) (quoting *Diaz v. United States*, 863 F.3d 781, 782 (8th Cir. 2017)). The Eighth Circuit has "expressly held that Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person of another, the operative term in § 924(c)(3)(A)." *Id.*

Accordingly, Hobbs Act robbery is a "crime of violence" under 18 U.S.C. § 924(c), and Defendant's counsel was not ineffective for failing to object on this ground.[2] Because this argument is purely legal and without merit, the Court dismisses it without an evidentiary hearing.

---

[2] This is particularly true in the present case wherein Defendant brandished a handgun, threatened to shoot the postal employee, bound the postal employee's hands with tape, held the handgun to his head, and later duct-taped his eyes and body. Filing 102 at 3. Such facts clearly indicate "actual or threatened force, or violence, or fear of injury" under 18 U.S.C. § 1951(b)(1), which in turn satisfies the required element of "threatened use of physical force against the person . . . of another" under 18 U.S.C. § 924(c)(3)(A).

3. *Victim's Enhancement*

Defendant argues his counsel was ineffective for suggesting Defendant plead guilty to the charge of Hobbs Act robbery and accept a sentence of 156 months on that count. Filing 148 at 3-4. Defendant argues counsel advised him "the victim's enhancement" would apply, but it did not. Filing 148 at 3. Thus, Defendant posits he should have received a sentence of 57 to 71 months for his Hobbs Act robbery conviction. Filing 148 at 4.

Taking Defendant's allegations as true, the Court cannot say that counsel's performance was deficient and serious enough to "not function[] as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Guzman-Ortiz*, 849 F.3d at 713 (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052). Because of the plea agreement, the United States dismissed three counts. Filing 102 at 1. Thus, Defendant was sentenced to 240 months rather than facing a guideline imprisonment range of 346 to 411 months. Filing 134 at 17. Coupling this with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," the Court does not find counsel's performance deficient. *Id.* (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052). This is particularly true given the Eighth Circuit's clear position that "counsel's incorrect estimate of a sentencing range [is] not ineffective assistance of counsel." *United States v. Nesgoda*, 559 F.3d 867, 870 n.2 (8th Cir. 2009) (citing *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994)).

Further, Defendant does not argue and has not shown that, but for his counsel's allegedly inaccurate guideline calculation, he would have gone to trial or negotiated a better plea agreement. Thus, he has not shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Guzman-Ortiz*, 849 F.3d at 713 (quoting *Hill v. Lockhart*, 474 U.S. at 57, 106 S. Ct. 366). Accordingly, Defendant has not shown

7

deficient performance by his counsel or resulting prejudice, and the Court dismisses this allegation without an evidentiary hearing.

### 4. Notice of Appeal

Defendant also alleges he twice told his counsel to file an appeal: once in court and once at the jail. Filing 148 at 2. "An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (citing *Watson v. United States*, 493 F.3d 960, 963–64 (8th Cir. 2007)). "Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so." *Id.* However, "[a] bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (second alteration in original) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)).

Defendant's counsel has filed an affidavit unequivocally stating that Defendant never asked him to appeal. Filing 168 at 4. However, given Defendant's allegations, the Court will refer this narrow issue to the Magistrate Judge for appointment of counsel and an evidentiary hearing to assess the credibility of the competing assertions.[3]

### 5. Certificate of Appealability

---

[3] Pursuant to Rule 8(b) of the *Rules Governing Section 2255 Cases for the United States District Courts*, "[a] judge may, under 28 U.S.C. § 636(b), refer the petition to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition." Rule 8(c) states that "the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed" if an evidentiary hearing is warranted. *Rules Governing Section 2255 Cases for the United States District Courts* § 8(c).

The Court will not issue a certificate of appealability because a portion of this matter remains pending. Further, a petitioner under 28 U.S.C. § 2255 may not appeal an adverse ruling unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). The Court will only grant a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To show the denial of a constitutional right, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Defendant has made no such showing, and no certificate of appealability will issue.

**IT IS ORDERED:**

1. Defendant's Motion to Supplement (Filing 160) is granted;

2. Defendant's Motion Pursuant to 28 U.S.C. § 2255 (Filing 148) is denied in part in that all allegations other than that involving counsel's failure to file a notice of appeal are dismissed;

3. Defendant's Motion Pursuant to 28 U.S.C. § 2255 (Filing 148) is granted in part in that Defendant's remaining allegation relating to failure to file a notice of appeal is referred to the Magistrate Judge to appoint counsel, hold an evidentiary hearing, and submit findings and a recommendation to the Court;

4. Given the Court's decision to hold an evidentiary hearing, Defendant's Motion to Extend Response Time (Filing 171) is denied in part and referred in part to the Magistrate Judge in relation to Defendant's notice-of-appeal issue;

5. No certificate of appealability will issue; and

6.  The Clerk of Court is directed to mail a copy of this Memorandum and Order to Defendant at the address of record for his current place of incarceration.

Dated this 28th day of October, 2020.

BY THE COURT:

Brian C. Buescher
United States District Judge