IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>SIDNEY BRITT,<br><br>      Defendant. | 8:19-CR-28<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on Defendant's objection (Filing 228) to the Magistrate Judge's Findings and Recommendation (Filing 227) that Defendant's Motion to Vacate Under 28 U.S.C. § 2255 (Filing 148) be denied. The Court has conducted a de novo review of the matter pursuant to 28 U.S.C. § 636(b)(1). On its de novo review, the Court agrees with the Magistrate Judge's Findings and Recommendation and will adopt them.

  The Court's review is limited to defendant Sidney Britt's claim that he received ineffective assistance of counsel when his attorney, Clarence Mock, allegedly failed to file an appeal despite Britt telling him he wanted to appeal.[1] The Court has already explained why Britt's other claims are without merit in its prior order. Filing 172.

  Britt and Mock both testified during an evidentiary hearing before the Magistrate Judge concerning the present failure-to-appeal claim. Both men confirmed there were aspects of Britt's plea agreement that he was unhappy with, but Mock consistently and unequivocally testified that Britt never directed him to file an appeal. Filing 211 at 21. Britt testified that he met with Mock

---

[1] The Court notes that Defendant waived his right to appeal his conviction and his sentence in his plea agreement with the government. Filing 102 at 5-6. Nevertheless, the Eighth Circuit has unequivocally held that it "extend[s] the presumption of prejudice [when allegations of ineffective assistance of counsel are based on a failure to file an appeal] even to cases in which the petitioner has waived [his] right to appeal." *Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015) (citing *Watson v. United States*, 493 F.3d 960, 960 (8th Cir.2007)) ("[I]f the evidence shows that a petitioner asked counsel to appeal and counsel refused, the petitioner is entitled to relief, even if [he] has waived that appellate right.")

1

twice before his sentencing, and during those meetings, he expressed to Mock that he wanted to appeal if the Court did not address his concerns with how his sentencing guidelines were calculated, despite his being sentenced pursuant to a binding 11(c)(1)(C) plea agreement. Filing 211 at 7, 9 (stating "we had a little discussion about . . . wanting to retain my appeal rights and to appeal if the 924(c) was not addressed at sentencing" and "if [the sentencing enhancement] didn't get addressed also, I wanted to express my appealing rights"). Mock testified with clarity as to the details of those conversations, but he denied any recollection of Britt telling him he wanted to appeal. Filing 211 at 21-29. Mock also stated that he would have filed the appeal, if directed to, despite the appeal waiver provision in Britt's plea agreement. Filing 211 at 21.

Britt also testified that he called and spoke with a member of Mock's staff fourteen days after he was sentenced. Filing 211 at 11. Britt testified that he called "to check the progress of the appeal and also to gain sentencing transcripts," and alternately, that reiterating his desire to appeal "was the whole intention of the phone call." Filing 211 at 11. Mock testified his staff informed him of the call but made no mention of an appeal and relayed that Britt intended to call back later. Filing 211 at 29-30. Staff also made Mock aware Britt sought transcripts, which Mock assumed were for a potential "habeas action" that he had previously discussed with Britt. Filing 211 at 30. The evidentiary hearing was the first time Britt made mention of this post-sentencing phone call in this matter; allegations that Britt spoke with Mock's staff and made known his desire to appeal after he was sentenced are conspicuously absent from Britt's § 2255 motion. *See* Filing 148.

In support of his objection, Britt argues the Magistrate Judge erred in finding "the evidence was not sufficient for a conclusion that Mr. Britt expressly directed his counsel or counsel's law office to file a direct appeal." Filing 228-1 at 4. Like the Magistrate Judge however, the Court finds Mr. Mock's version of events to be more credible: that Britt never "made 'manifest' [his] desire

2

to appeal by expressly instructing [his] attorney to appeal." *See Nupdal v. United States*, 666 F.3d 1074, 1076 (8th Cir.2012) (quoting *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)). Accordingly, the Court finds Britt has not demonstrated his entitlement to postconviction relief.

A certificate of appealability is required for a movant to appeal an adverse ruling on his § 2255 motion. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability is issued only when the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the defendant's failure-to-appeal claim rests on an assessment of the credibility of witnesses, reasonable jurists could debate the matter; thus, a certificate of appealability is warranted as to Britt's failure to appeal claim. *See United States v. Papazian*, 4:18-CR-3008, 2021 WL 3883712, at *1 (D. Neb. Aug. 31, 2021) ("With respect to the defendant's first claim, the disposition of which rests on assessing the credibility of the witnesses, a certification of appealability is appropriate."); *United States v. Dat*, No. 8:14-CR-409, 2019 WL 5538074, at *7 (D. Neb. Oct. 24, 2019) ("Because the Court's conclusion is based on credibility findings, a certificate of appealability will be issued[.]") As noted in the Court's prior order, Filing 172, the defendant is not entitled to a certificate of appealability with respect to his other claims.

IT IS ORDERED:

1. Defendant's objection, Filing 228, is overruled;
2. The Magistrate Judge's Findings and Recommendation, Filing 227, are adopted;
3. Defendant's Motion to Vacate under 28 U.S.C. § 2255, Filing 148, is denied;
4. The Clerk of the Court shall terminate Filing 229.

5. The Court will issue a certificate of appealability in this matter as to Defendant's claim that his attorney failed to file a direct appeal despite Defendant instructing him to do so; and

6. The Court will enter a separate judgment.

Dated this 22nd day of September, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge